TMR/pmm/0355648.01　　　　　　　　　　　　　　　　　　　　　　　　7615-864-22-861

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JDL DEVELOPMENT IX, LLC, JDL )<br>CONTRACTORS, LLC, and DEARBORN- )<br>ELM CONDOMINIUM ASSOCIATION )<br>)<br>Defendants )<br>)<br>and )<br>)<br>FIREMAN'S FUND INSURANCE COMPANY )<br>OF OHIO, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>NAUTILUS INSURANCE COMPANY, )<br>JDL DEVELOPMENT IX, LLC, JDL )<br>CONTRACTORS, LLC, and DEARBORN- )<br>ELM CONDOMINIUM ASSOCIATION, )<br>)<br>Defendants. ) | Case No. 10-cv-03435<br><br>Honorable Judge Robert W. Gettleman |

## PLAINTIFF-INTERVENOR FIREMAN'S FUND INSURANCE COMPANY OF OHIO'S MOTION FOR ENTRY OF STIPULATED CONSENT JUDGMENT

Intervenor-Plaintiff, Fireman's Fund Insurance Company of Ohio ("FFICO"), by and through its attorneys, TRESSLER LLP, hereby moves this Court to (i) enter judgment in favor of FFICO against Defendant Dearborn-Elm Condominium Association ("Dearborn-Elm") on Counts III, IV, V, X, XI, XII and XIII of FFICO's Amended Intervenor Complaint for

1

Declaratory Judgment and (ii) entry of judgment in favor of FFICO and against Dearborn-Elm on Count II of Dearborn Elm's Counterclaim, and in support thereof states as follows:

1. On July 23, 2010, FFICO filed its Motion to Intervene in the above-captioned lawsuit. (*See* Motion to Intervene; Dkt. Entry No. 17).

2. On August 3, 2010, the Court granted FFICO's Motion to Intervene. (*See* Minute Entry at Dkt. Entry No. 23).

3. On December 23, 2010, Dearborn-Elm filed a Counterclaim against FFICO which included a count for Breach of Insurance Policy against FFICO (Count II of Counterclaim) (*See* Minute Entry at Dkt. Entry No. 38).

4. On July 13, 2011, FFICO filed its Amended Intervenor Complaint for Declaratory Judgment seeking a declaration that it does not have a duty to defend or indemnify JDL for allegations in a lawsuit captioned *The Dearborn-Elm Condominium Association v. JDL Development IX, LLC et. al.,* filed in the Circuit Court of Cook County, Illinois, Law Division, Case No. 07 L 008739 ("Underlying Lawsuit"). (*See* Amended Intervenor-Complaint at Dkt. Entry No. 58).

5. On October 5, 2011, FFICO and Dearborn-Elm executed a Stipulation For Entry of Consent Judgments (A true and complete copy of the Stipulation for Entry of Consent Judgments has been attached hereto as Exhibit A) which contained a Consent to Entry of Judgments for the following:

(i) Judgment in favor of FFICO against Dearborn-Elm on Counts III. IV, V, X, XI, XII and XIII of FFICO's Amended Intervenor Complaint for Declaratory Judgment, and

(ii) Judgment in favor of FFICO and against Dearborn-Elm on Count II of Dearborn Elm's Counterclaim

WHEREFORE, Intervenor-Plaintiff, Fireman's Fund Insurance Company of Ohio, respectfully requests that this Court enter an order granting judgment in its favor and against Dearborn-Elm on Counts III, IV, V, X, XI, XII and XIII of FFICO's Amended Intervenor Complaint for Declaratory Judgment and judgment in FFICO's favor and against Dearborn Elm on Count II of Dearborn Elm's Counterclaim, with FFICO and Dearborn-Elm to each bear their own costs.

Respectfully submitted,

FIREMAN'S FUND INSURANCE COMPANY OF OHIO

By: /s/Todd M. Rowe /
One of Its Attorneys

James R. Murray
Todd M. Rowe
TRESSLER LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6399
(312) 627-4000
Fax: (312) 627-1717
jmurray@tresslerllp.com
trowe@tresslerllp.com

Attorneys for Plaintiff-Intervenor – FIREMAN'S FUND INSURANCE COMPANY OF OHIO

**EXHIBIT A**

JRM/cic/524408

7615-864

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-03435 |
| v. ) | |
| ) | Honorable Judge Robert W. Gettleman |
| JDL DEVELOPMENT, IX, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**STIPULATION FOR ENTRY OF CONSENT JUDGMENTS BETWEEN INTERVENOR/COUNTERCLAIM DEFENDANT, FIREMAN'S FUND INSURANCE COMPANY OF OHIO, AND DEFENDANT/COUNTERCLAIM PLAINTIFF, DEARBORN-ELM CONDOMINIUM ASSOCIATION**

NOW COME Intervenor/Counterclaim Defendant, Fireman's Fund Insurance Company of Ohio ("FFICO"), and Defendant/Counterclaim Plaintiff, Dearborn-Elm Condominium Association ("Dearborn-Elm"), by and through their counsel of record, and for their Stipulation for Entry of Consent Judgments on FFICO's Amended Intervenor Complaint for Declaratory Judgment and Dearborn-Elm's Counterclaim stipulate as follows:

**STIPULATED FACTS AND CONCLUSIONS OF LAW**

1. Intervenor-Plaintiff FFICO is an Ohio insurance company, with its principal place of business at 312 Walnut Street, Suite 1100, Cincinnati, Ohio 45202.

2. Plaintiff, Nautilus Insurance Company ("Nautilus"), is an Arizona corporation, with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260.

3. Defendant, JDL Development, is an Illinois limited liability company with its principal place of business located in Chicago, Cook County, Illinois.

EXHIBIT A

4. Defendant JDL Contractors, is an Illinois limited liability company with its principal place of business located in Chicago, Cook County, Illinois.

5. Jim Letchinger is the owner and member of JDL Development and JDL Contractors.

6. Defendant Dearborn-Elm Condominium Association ("Dearborn-Elm") is an Illinois Not-For-Profit Association with its principal place of business in Chicago, Cook County, Illinois.

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 based on diversity of citizenship of the parties and the matter in controversy exceeds $75,000.

8. In June 2002, JDL Development and JDL Contractors (hereinafter collectively "JDL") first became aware that there was standing water on several of the balconies at the Dearborn-Elm Condominium Project ("Project").

9. Sometime in 2002 and 2003, JDL and James Letchinger became aware of certain alleged construction defects at the Project and that Dearborn-Elm and/or individual unit owners had made complaints about the alleged construction defects.

10. Beginning in 2003, JDL and James Letchinger conducted meetings and corresponded with Concrete Structures of the Midwest, Inc., Tishman Construction and A. Epstein (the architect) to discuss certain alleged construction defects at the Dearborn-Elm Condominium Project.

11. As of October 2003, JDL Development IX. LLC was contemplating litigation against Concrete Structures of the Midwest, Inc., Tishman Construction and A. Epstein over certain alleged construction defects at the Dearborn-Elm Condominium Project.

12. On or before July 29, 2004, JDL Development and JDL Contractors were informed that Dearborn-Elm was considering filing a lawsuit against them based upon alleged construction defects at the Dearborn-Elm Condominiums.

13. On April 30, 2007, counsel for Dearborn-Elm sent JDL Development a letter entitled, "Notice of Claim."

14. FFICO first received notice from JDL of the alleged occurrence and the Dearborn-Elm's claims for construction defects on or about May 2, 2007.

15. On August 20, 2007, Dearborn-Elm filed the Underlying Lawsuit against, *inter alia*, JDL Development and JDL Contractors based upon alleged construction defects.

16. After this Court granted FFICO's Motion to Intervene in this coverage action, FFICO filed its Intervenor Complaint for Declaratory Judgment on August 3, 2010.

17. FFICO issued the following three commercial general liability insurance policies that are at issue ("FFICO Policies"):

- Policy No. FCL 10000901, effective March 31, 2005 to March 31, 2006 (Policy FCL 10000901 has been attached as Exhibit C to the Intervenor Complaint);

- Policy No. PGL 1000445, effective March 31, 2006 to January 1, 2007 (Policy No, PGL 1000445 has been attached as Exhibit D to the Intervenor Complaint); and

- Policy No. PGL 1000595, effective January 1, 2007 to January 1, 2008 (Policy No. PGL 1000595 has been attached as Exhibit E to the Intervenor Complaint).

### KNOWN INJURY OR DAMAGE

18. The "Amendment of Insuring Agreement-Known Injury Or Damage" modifies the FFICO Policies to provide coverage for property damage "only if...[prior to the policy period, no Insured knew that the...property damage had occurred, in whole or in part...."

3

19. To the extent that Dearborn-Elm's suit against JDL alleges property damage, which FFICO denies, JDL knew of the alleged property damage arising out of or relating to the the alleged construction defects at the Dearborn-Elm condominiums prior to March 31, 2005, the date the first FFICO Policy incepted.

20. The parties stipulate that with regard to the claims against JDL Development and JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL because JDL Development and JDL Contractors knew of the alleged property damage prior to March 31, 2003.

## PRE-EXISTING DAMAGE EXCLUSION

21. The Pre-Existing Damage Exclusion (Form XSE-1022 (11-99)) applies to the 2006-2007 and 2007-2008 FFICO Policies.

22. The Pre-Existing Damage Exclusion Endorsement excludes coverage for "any damages arising out of or related to…'property damage,' whether such…'property damage' is known or unknown, (a) which first occurred prior to the inception date of this policy…or (b) which are, or are alleged to be in the process of occurring as of the inception date of the policy…even if the 'occurrence' continues during this policy."

23. To the extent that Dearborn-Elm's allegations against JDL alleges property damage, which FFICO denies, the alleged property damage at the Project either first occurred prior to the inception of the 2006-2007 and 2007-2008 FFICO Policies or were in the process of occurring as of the inception of the 2006-2007 and 2007-2008 FFICO Policies.

24. The parties stipulate that with regards to JDL Development and JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL

4

Development and JDL Contractors under the 2006-2007 and 2007-2008 FFICO Policies because the Pre-Existing Damage Exclusion Endorsement applies to bar coverage.

## CONTINUOUS OR PROGRESSIVE INJURY, DAMAGE OR OFFENSE

25. The endorsement to the 2006-2007 and 2007-2008 FFICO Policies entitled "Coverage Limitation-Continuous or Progressive Injury, Damage or Offense" amended the Insuring Agreement for the 2006-2007 and 2007-2008 FFICO Policies to exclude property damage "that is continuous or progressively deteriorating and which 'manifests' prior to the inception of this policy period."

26. This endorsement further provides that "manifests" means: "for 'property damage,' when such damage is first discovered by any Insured or by the person or organization whose property suffered such damage, whichever comes first."

27. To the extent Dearborn-Elm's allegations against JDL allege property damage, which FFICO denies, the alleged property damage at the Project first manifested prior to the inception of the 2006-2007 and 2007-2008 FFICO Policies.

28. The parties stipulate that with respect to JDL Development and JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL Development and JDL Contractors under the 2006-2007 and 2007-2008 FFICO Policies because the Coverage Limitation-Continuous or Progressive Injury, Damage or Offense Endorsement bars coverage.

## KNOWN LOSS

29. The first FFICO Policy incepted on March 31, 2005.

30. The FFICO Policies do not provide coverage for losses that the insureds knew or had reason to know that there was a substantial probability that they would suffer or had already suffered prior to the inception of the FFICO Policies.

31. Prior to March 31, 2005, JDL knew or had reason to know that JDL would suffer, or had already suffered, a loss with respect to their work at the Project.

32. The parties stipulate that with regard to JDL Development and JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL Development and JDL Contractors under the FFIC Policies because the Known Loss Doctrine bars coverage.

## EXCLUSION FOR ENGINEERS, ARCHITECTS OR SURVEYORS

33. The FFICO Policies are amended by an Endorsement (Form CG 22 43 07 98) excluding coverage for property damage "arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity."

34. To the extent that there is any property damage alleged by Dearborn-Elm arising from a rendering or a failure to render any professional services by JDL or an engineer, architect or surveyor employed by JDL, such property damage is excluded.

35. The parties stipulate that with regard to the claims against JDL Development and JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL Development and JDL Contractors under the FFIC Policies because the Exclusion for Engineers, Architects or Surveyors bars coverage for the claims against JDL Development and JDL Contractors.

## EXCLUSION FOR REAL ESTATE AGENTS OR BROKERS ERRORS OR OMISSIONS

36. The FFICO Policies are amended by an Endorsement (Form CG 23 01 12 04) excluding coverage for property damage "arising out of any misrepresentation, error or omission by you or any real estate agent or broker who is either employed by you or performing work on your behalf in such capacity."

37. To the extent that there is any property damage alleged by Dearborn-Elm arising from a misrepresentation, error or omission by JDL Development IX, LLC or a real estate agent or broker employed by JDL Development IX, LLC, such property damage is excluded.

38. The parties stipulate that with regard to JDL Development, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL Development for any claims of alleged misrepresentation, error or omission because the Exclusion for Real Estate Agents or Brokers Errors or Omissions bars coverage.

### EXCLUSION FOR CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS

39. The 2006-2007 and 2007-2008 FFICO Policies are amended by an Endorsement (Form CG 22 34 07 98) excluding coverage for property damage caused by the following:

    1. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as construction manager; or

    2. Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

40. To the extent that there is any property damage alleged by Dearborn-Elm arising from the preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on the Project while JDL Contractors, LLC served as construction manager, such property damage is excluded.

41. The parties stipulate that with regard to the claims against JDL Contractors, Fireman's Fund Insurance Company of Ohio has no duty to defend or indemnify JDL Contractors, LLC with respect to the Associations allegations under the 2006-2007 and 2007-2008 FFICO Policies because of the Exclusion for Construction Management Errors or Omissions.

## CONSENT TO ENTRY OF JUDGMENT

Based upon the foregoing stipulations of facts and conclusions of law, Intervenor/Counterclaim Defendant, Fireman's Fund Insurance Company of Ohio, and Defendant/Counterclaim Plaintiff, Dearborn-Elm Condominium Association, by and through their undersigned counsel of record, hereby stipulate and consent to entry of the following judgments: (i) entry of judgment in Fireman's Fund Insurance Company of Ohio's favor and against Dearborn-Elm Condominium Association on Counts III, IV, V, X, XI, XII, and XIII of Fireman's Fund Insurance Company of Ohio's Amended Intervenor Complaint for Declaratory Judgment and (ii) entry of judgment in Fireman's Fund Insurance Company of Ohio's favor and against Dearborn-Elm Condominium Association on Count II of Dearborn-Elm Condominium Association's Counterclaim.

| DEARBORN-ELM CONDOMINIUM ASSOCIATION | FIREMAN'S FUND INSURANCE COMPANY OF OHIO |
|---|---|
| By: *Kelly C Elmore* | By: *Todd M. Rowe* |
| One of Its Attorneys | One of Its Attorneys |
| David C. Hartwell<br>Kelly Christine Elmore<br>Penland & Hartwell, LLC<br>One North LaSalle Street, 38th Floor<br>Chicago, IL 60602<br>312/578-5610 | James R. Murray<br>Todd W. Rowe<br>Tressler, LLP<br>233 South Wacker Drive, 22nd Floor<br>Chicago, IL 60606-6399<br>312/627-4000 |

Dated: October 5, 2011